IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHA PRO TECH, INC., | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| v. | : | |
| | : | No. 12-1615 |
| VWR INTERNATIONAL, LLC, | : | |
| *Defendant*. | : | |

# **MEMORANDUM**

PRATTER, J.                                                                                                                 MARCH 14, 2018

"[E]very right . . . must have a remedy, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. 137, 163 (1803) (quoting 3 WILLIAM BLACKSTONE, COMMENTARIES *23). But when a lawyer fails in his most basic duties to his client, where should the remedy lie? Should a court reconsider its ruling, or do tort and contract law provide the proper redress for the injury?

The Court finds that a remedy for such failures must lie in tort or contract, not in a motion for reconsideration. Here, upon hearing of counsel's failure to oppose a motion and the Court's grant of an opponent's motion as unopposed, Alpha Pro Tech fired lead counsel on this case and filed the present motion for reconsideration. Alpha Pro's sole argument rests on the undisputed failure of its attorney, but "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 396 (1993).

## **BACKGROUND**

Throughout this case, lead counsel for Alpha Pro, Anderson Weidner LLC, consistently flouted the Court's deadlines. As the case wore on, the Court repeatedly admonished Anderson Weidner, both in oral arguments and in written opinions, for its disregard of Court order and

1

procedures. Nothing, so far as the Court is aware, prevented Alpha Pro from learning of the Court's recurring frustrations with Anderson Weidner.

Following the Court's grant of summary judgment against Alpha Pro, defendant VWR International filed a motion for attorneys' fees on September 8, 2017. Five minutes prior to the deadline to respond, Anderson Weidner filed a two-page response on behalf of Alpha Pro. The response asserted that despite the adverse summary judgment ruling, the case was not yet over. Anderson Weidner promised to file a legal brief the next day, citing an inability to electronically file a brief under seal. No brief was ever filed.

Over a month after the promised brief should have been filed, and after receiving nothing from Alpha Pro, the Court granted the substance of the fee motion as unopposed on October 25, 2017. Meanwhile, Alpha Pro reportedly did not learn until October 24, 2017 that the summary judgment motion had been granted on August 23, 2017—over two months earlier. Alpha Pro only learned that summary judgment was granted after calling Anderson Weidner to inquire why there had been no summary judgment ruling. After hearing the news about the summary judgment ruling, Alpha Pro asked local counsel to investigate the issue and learned of the existence of the fee motion on October 27, two days after that motion was already granted as unopposed. Alpha Pro fired Anderson Weidner the same day. Alpha Pro timely filed the present motion for reconsideration using Dilworth Paxson, the local counsel that had filed the initial complaint.

## DISCUSSION

### I. Cognizability of Attorney Error on Motions for Reconsideration

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear

error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). It is unclear which of these categories Alpha Pro argues for. It spends very little time on the actual grounds for reconsideration, and the majority of the brief on the merits of the fee motion. It, therefore, appears that Alpha Pro argues there would be "manifest injustice" for the ruling to stand.

Alpha Pro argues that Anderson Weiner erred when it (1) failed to oppose the fee motion and (2) did not inform Alpha Pro that the summary judgment ruling had happened until two months after the fact. There is no dispute on this point. But Alpha Pro then argues that it would be manifest injustice to penalize it, the client, for the negligence of its lawyer. However, attorney failure is not a ground for reconsideration.[1] "[C]lients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 396 (1993). Alpha Pro "voluntarily chose this attorney as [its] representative in the action, and [it] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–634 (1962). "There is certainly no merit to the contention that dismissal of [Alpha Pro's] claim because of [its] counsel's unexcused conduct imposes an unjust penalty on the client." *See id.* at 634.

---

[1] The Court must note that the Dilworth Paxson firm that filed this motion for reconsideration has been local counsel throughout the litigation. In granting *pro hac vice* status to counsel from Anderson Weidner, the Court had ordered that Dilworth Paxson "shall continue to have responsibility for this matter during its pendency before the Court." However, the Court recognizes that Dilworth Paxson was barely involved in this litigation, and perhaps that was by knowing design. And while no actor with Alpha Pro is blameless, including the company itself, the majority of the failures lie on lead counsel for failing to perform its most basic duties.

The client also retains some responsibility to monitor the conduct of its representative. While clients normally do not assiduously monitor deadlines, Alpha Pro was on notice here that Anderson Weidner was derelict in its responsibilities. The Court had repeatedly admonished Anderson Weidner for its unprofessionalism and flouting of the Court's deadlines, made clear the growing frustration with Anderson Weidner's blatant and repeated disregard of Court orders, and noted that this could not continue. Despite this, Alpha Pro now claims complete surprise by this failure for Anderson Weidner to meet its basic responsibilities. Clients must maintain some control over their chosen representative, and Alpha Pro must have known, or certainly should have known if it had even the slightest interest in this litigation, that Anderson Weidner was derelict in its responsibilities. For all these reasons, the attorney neglect here is not grounds for granting a motion for reconsideration.

## II. Remedies for Attorney Error

While the case law above is clear, Alpha Pro argues that it would be "manifest injustice" for the ruling to stand. But the "remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice." *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir. 1980). This rule ensures that the burden is placed on the parties to the representation agreement, and not a third party (in this case, VWR).

Tort law exists not only to make injured parties whole, but to regulate the conduct of the tortfeasor. The Court can scarcely think of a more obvious case where the attorney's conduct alone caused damage to its client. If this type of attorney error is cognizable on a motion for reconsideration, there is no incentive to regulate the negligent attorney's conduct. Attorney failure, not VWR, caused the harm to Alpha Pro. Therefore, the offending attorneys, not VWR,

4

should bear the burden of making Alpha Pro arguably whole. Any claims should be properly brought as a separate action for malpractice, rather than a motion for reconsideration.

BY THE COURT:


S/Gene E.K. Pratter
 GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE